**In the Matter of FABRIC STYLESETTERS, INC., Debtor.**

**Bankruptcy No. 79–B–10129.**

United States Bankruptcy Court,
S. D. New York.

Feb. 3, 1981.

Lazarus & Jaffe, New York City, for debtor.

N. Y. Credit Men's Credit Adjustment Bureau, Inc., New York City, trustee.

Otterbourg, Steindler, Houston & Rosen, New York City, for petitioning creditors.

ROY BABITT, Bankruptcy Judge:

An involuntary petition was filed against the above debtor on November 5, 1979 pursuant to the authority conferred by Section 303 of the 1978 Bankruptcy Code, 11 U.S.C. § 303, Pub.L. 95–598, 92 Stat. 2559. Shortly after the entry of an order for relief under Section 303(h), an interim trustee was selected by the United States Trustee acting under the authority of Section 15701, the

analogue in the United States Trustee Pilot Districts of Section 701(a) of the Code.[1]

That interim trustee, William S. Brown, began his stewardship of the administration of the debtor until he was displaced on March 7, 1980 by a trustee duly elected by the debtor's creditors in keeping with Section 702 of the Code. Upon such displacement, the stewardship of the interim trustee terminated. Section 701(b). Between the time of his selection on December 27, 1979 and the approval of the elected trustee just under three months later, the interim trustee undertook the duties cast on trustees and also retained himself as counsel, authorized by Section 327(d) of the Code, to discharge the necessary legal services in the hiatal period until his displacement by the elected trustee.

Considerable services were rendered both by the interim trustee in his administrative capacity and by such trustee as attorney in his legal capacity. These included all appropriate steps including all necessary legal steps to realize on the substantial assets which he promptly turned over to the elected trustee upon the qualification of the latter.

Having thus concluded his stewardship, both as interim trustee and as attorney, the interim trustee has made application to this court for his compensation in both guises. These applications were heard by the court on notice to interested parties. Section 330(a) of the Code. As interim trustee, Mr. Brown, applying Section 326(a) which limits compensation to trustees in keeping with the schedules there described, seeks $1,189.15. In his capacity as attorney, $2,500.00 is sought for legal services.

In making his computation under Section 326(a), erroneously, the interim trustee applied the schedules of that section to the total amount which he had gathered for the estate and which he turned over to the elected trustee upon the qualification of that entity. The proper computation on such sum should be $916.38 rather than the figure arrived at by Mr. Brown.

Regardless, however, of the correctness of the arithmetical application of Section 326(a), the question, as a practical matter, is whether at this stage of this still incomplete administration of the affairs of the debtor, the Bankruptcy Court should allow to a terminated interim trustee the full measure of what Section 326(a) would yield, with due regard, however, to the standards prescribed by Section 330(a)(1).

Resolution of this question is highlighted by Section 326(c) of the Code which provides as follows:

"If more than one person serves as trustee in the case, the aggregate compensation of such persons for such service may not exceed the maximum compensation prescribed by a single trustee by subsection (a) or (b) of this section, as the case may be."

This section does not distinguish between interim trustees and other trustees who are elected by the creditors. The scheme, therefore, of the Code is to draw no distinction between the two. The legislative history bears this out. See H.R.Rep.No.95–595, 95th Cong., 1st Sess. 327 (1977); Sen.Rep.No.95–989, 95th Cong., 2d Sess. 38 (1978), U.S.Code Cong. & Admin.News 1978, 5787.

Under the 1898 Act, there was authority for the appointment of receivers, Section 2(a)(3), 11 U.S.C. (1976 ed.) § 11(a)(3), to safeguard the property of the estate until a

---

1. This, the Southern District of New York, is a so-called United States Trustee pilot district pursuant to section 1501(2), which makes applicable to such districts Chapter 15 of the 1978 statute entitled United States Trustees. The authority for the United States Trustee program is found in a new Chapter 39 added to Title 28 of the United States Code, new Sections 581–589 inclusive, by Section 224(a) of the amendments to that Title by the series of sections in Title II of the 1978 bankruptcy legislation. 92 Stat. 2662 *et seq.* The program is popularly called a pilot program because it applies in only the 18 bankruptcy court districts carried in new 28 U.S.C. § 581 and in Section 1501 of the Code because it is so styled in the heading to Section 408 of Title IV of the 1978 statute which provides in Section 408(c) for repeal of the enabling legislation as of April 1, 1984.

trustee shall have either been elected by the creditors or appointed by the court in the absence of such election. In keeping with the difference in the nature and quality of the services to be rendered by receivers on the one hand and trustees on the other, Section 48(a) dealt with the compensation of receivers, 11 U.S.C. (1976 ed.) § 76(a), while Section 48(c) dealt with the compensation of trustees. Section 48(d) provided that in the event more than one receiver or more than one trustee should serve, the court was to apportion the fees and commissions

"so that there was not to be paid . . . a greater amount than that to which one . . . would be entitled."

In that statutory scheme, therefore, receivers could be and were compensated for services rendered during the receivership under Section 48(a) in the discretion of the court, but without regard to the compensation or commissions to the trustee displacing such receiver. See H.R.Rep.No.95–595, *supra.*

The 1978 Code absolutely negates the concept of receivers as is plain from Congress' purpose explained in the House Report and the Senate Report cited above. The former at p. 316; the latter at p. 29. The words achieving this end are plain and unambiguous in Section 105(b). The phrase "may not" is prohibitive and not permissive as explained by Section 102(4).

■ While it may be true that the timing of the discharge of the duties of the 1898 Act's receiver and the 1978 Code's interim trustee are similar, the statutory authority to utilize interim trustees,[2] does not presuppose that the requirements of Section 326(c) concerning the aggregate compensation of more than one trustee is to be ignored

merely because of the difference in quality and in the tenure of interim trustees and elected trustees. Nor should the section be ignored merely because interim trustees under the Code partake of many of the duties of receivers under the 1898 Act. This court, therefore, concludes that Section 326(c) of the Code is applicable both to interim trustees and their elected successors in cases under the Code so that the aggregate of their compensation may not exceed what any single trustee would earn upon recourse to the schedules prescribed by Section 326(a).

Logically, therefore, Bankruptcy Courts should withhold compensation to interim trustees until the case has been fully administered so that the court might determine the full reach of compensation to all of the property of the estate and the application of the schedules of Section 326(a) to such property. Only in that way could the Bankruptcy Court insure that it will not have granted appropriate compensation to an interim trustee upon termination of his duties to the prejudice of the elected trustee who might not have realized upon further property but who might have undertaken the careful discharge of the duties cast on trustees by the Code apart from the successful gathering of more property of the estate. Section 704 of the Code describes the duties of trustees and explains the myriad responsibilities placed on trustees apart from the exercise of those responsibilities incident just to marshalling property.

On the other hand, in the scheme of the 1978 Code, to withhold all compensation from interim trustees until the case has been fully administered by their successor

2. There are some similarities between the receiver under the 1898 Act and the interim trustee under the 1978 Code, one of which is the time of appointment. Here, the interim trustee was appointed after the order for relief. In certain cases, interim trustees may be appointed before. Section 303(b) and, in United States Trustee Districts, Section 15303. Under the 1898 Act, a receiver was likely to be appointed after the filing of an involuntary petition and before the order for adjudication, the counter-

part in that Act of the order for relief in the 1978 Code. In some circumstances, a receiver could be appointed between the automatic adjudication flowing from a voluntary petition, Section 18(f), 11 U.S.C. (1976 ed.) § 41(f), and the election of the trustee under Section 44(a), 11 U.S.C. (1976 ed.) § 72(a). Section 2(a)(3) authorized the appointment of receivers between the filing of the petition and the qualification of the trustee.

trustees might have adverse impact on the willingness of interim trustees to serve in those crucial periods in the early stages of a case where so much is at loose ends before the later election of a trustee in the unfolding of the liquidating process.

In order to reconcile these considerations, the court concludes that in this case the interim trustee should be compensated for his admittedly worthwhile services at no more than 50% of the correct figure for compensation computed by this court under Section 326(a). Therefore, Mr. Brown, as interim trustee, is allowed the sum of $458.19 by way of interim compensation, with leave to renew the remainder of his application at such time as the elected trustee shall have concluded the administration of the estate.

Mr. Brown retained himself as counsel under the authority conferred by Section 327(d), an action appropriate for this kind of case. It was through the instrumentality of counsel and the rendition of necessary legal services that the interim trustee succeeded in gathering more than $25,000. which the elected trustee now has in its possession. To be sure, there may be problems incident to compensation for counsel to interim trustees who have performed necessary legal services, but which services have not enhanced the estate at the time the elected trustee retained its own attorney. There will likely be instances where the preliminary work by counsel to the interim trustee will enhance the estate during the stewardship of the elected trustee. Similar considerations, therefore, would obtain to those just noted by the court in connection with compensation to the interim trustee himself. But that is not the case here and the court leaves for another day those considerations.

Here, all of the legal services to the interim trustee resulted in successful conclusion of such legal services to the enhancement of the estate during the interim trustee's stewardship. Accordingly, fair and final compensation should be awarded to counsel. The court concludes that the reasonable compensation for such legal services, in keeping with the standards described by Section 330(a)(1) and the judicial gloss to the extent relevant which the cases have placed on matters of compensation in the context of bankruptcy is $2,250.00.[3]

Let the interim trustee settle an appropriate order on notice to the United States Trustee and to counsel for the elected trustee.

---

**3.** Although not necessary to consider on the facts controlling here, the court merely notes, but without extensive comment, the potential conflict between those seeking interim compensation for services allowable as an administrative expense under Section 503(b) and those given such super-priority as would prime even such expenses. See Sections 364(c)(1) and 507(b) of the Code. There is therefore the potential in the interfacing of these sections with Section 331 which authorizes interim compensation of injury occasioned by withholding of such compensation and subsequent priming of a Section 364(c)(1) or a Section 507(b) entity.