In re MARICHAL–AGOSTO, INC., Bankrupt.

Bankruptcy No. 81 B 10130.

United States Bankruptcy Court, S. D. New York.

July 28, 1981.

892

Bernard J. Robins, New York City, for assignee.

Gregory Messer, Brooklyn, N. Y., Interim Trustee.

Harry Jones, New York City, for Trustee.

**JOHN J. GALGAY, Bankruptcy Judge.**

This Court is requested by Philip Alperdt, assignee for the benefit of creditors, and by Bernard Robins, attorney for the assignee, to issue an order granting compensation for the work which they performed in the state court proceeding and for hours expended in fighting a turnover to the interim trustee.

On January 6, 1981, Marichal Agosto, Inc., (Agosto) executed and delivered to Alperdt an assignment for the benefit of creditors pursuant to the Debtor and Creditor Law of New York State. On January 13, 1981 Alperdt filed an emergency application to the Supreme Court of the State of New York to conduct a public auction, to avoid spoilage of perishable goods and theft of other goods. That application was granted. On January 21, 1981, Alperdt through S.E.S. Auctions, Inc., a licensed public auctioneer of the State of New York, sold all the assets found on Agosto's premises. The net amount received from such sale, after auction expenses was $15,371.63. On January 26, 1981, Alperdt collected an additional $1,507.53, representing the balance in Agosto's bank account. Both this amount and the proceeds from the auction sale were deposited in a special assignee's account.

On January 27, 1981, Alperdt was informed that an involuntary petition in bankruptcy had been filed against Agosto and on April 14, 1981, he was informed of the appointment of an interim trustee.

Many attempts were made by the interim trustee to recover the cash from Alperdt, as mandated by 11 U.S.C. § 543. That section states,

> "A custodian shall deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody or control on the date that such custodian acquires knowledge of the commencement of the case."

Under 11 U.S.C. § 101(10) an assignee for the benefit of creditors is included within the definition of a "custodian." Therefore,

Alperdt was clearly required to turn over the assets to the interim trustee. However, Alperdt refused to do so until he was compensated for his time and expenses, and until his lawyer was paid.

On May 19, 1981, this Court ordered Alperdt to turn over all of the proceeds of the Agosto estate in his possession, pursuant to 11 U.S.C. § 543. This Court was informed that the assignee has fully complied with that order.

▮ The assignee now asks this Court to grant compensation for the work performed. It is important to note the difference in methods of computing and granting compensation under the Bankruptcy Code, to an assignee for the benefit of creditors and to an interim trustee. Section 326 of the Code deals with compensation for trustees. Subsection c states,

> If more than one person serves as trustee in the case, the aggregate compensation of such persons for such service may not exceed the maximum compensation prescribed for a single trustee by subsection (a) or (b) of this section, as the case may be.

This section does not distinguish between interim trustees and other trustees. Therefore, an interim trustee can not be fully compensated till the closing of the estate at which time the trustee's fee can be allocated between the interim trustee and the trustee. See, *In the Matter of Fabric Stylesetter, Inc.*, 8 B.R. 872, 7 B.C.D. 212 (Bkrtcy.S.D.N.Y.1981) where Bankruptcy Judge Babitt allowed the interim trustee only 50 percent of his fee prior to the closing of the administration of the estate.

▮ In contrast, compensation of an assignee for the benefit of creditors is governed by Section 543 of the Code. That section provides merely for "reasonable compensation." No reason exists to delay paying the assignee fully till the closing of the estate. The assignee is not required to share his fee with any other administrator of the estate, and his duties are completed when he delivers to the trustee all the debtor's property in his possession.

▮ Alperdt, the assignee, requests $843.00 as compensation for services rendered. This sum is equivalent to 5 percent of the amount collected, which is the maximum allowed under New York State Law. The guiding standard in fee determination for an assignee has traditionally been, "have the services of this assignee been beneficial to the estate," *In re Moskowitz*, 25 F.Supp. 341, 342 (E.D.N.Y.1938). The Supreme Court in *Randolph v. Scruggs*, 190 U.S. 533, 539, 23 S.Ct. 710, 713, 47 L.Ed. 1165 (1902) stated, "We are not prepared to go further than to allow compensation for services which were beneficial to the estate." After giving consideration to the fact that approximately $1,500.00 was merely transferred from the debtor's account to the assignee's account, and that the balance was collected from an auctioneer's sale, this Court finds that a fee of $500.00 is reasonable compensation for the work performed. And upon payment by the assignee of his bond premium, an additional $518.14 will be paid him as reimbursement of expenses, pursuant to 11 U.S.C. § 543.

▮ We now turn to the question of compensation for the assignee's attorney, Bernard Robins. Robins requests the sum of $2,850.00. Although compensation for professional persons has been liberalized under the Bankruptcy Code, section 330 outlines the standards for evaluating services which, to a large degree, incorporates case law developed under the former Bankruptcy Act. See 2 *Collier on Bankruptcy*, (15th ed.) at 330–12. The determination of what is "reasonable compensation" requires scrutiny of the "time, the nature, the extent, and the value of such services." 11 U.S.C. § 330(a)(1).

This Court finds Robins' request unduly high in relation to this modest ($16,879.16) estate and the nature and value of services performed. It can not be disputed that the assignee required an attorney to represent him in the state court with regard to qualifying as assignee and receiving an order permitting the immediate liquidation of all the debtor's assets. However, this Court

does not intend to compensate an attorney for work which did not require his legal expertise. Robins has submitted a bill for 23.75 hours of which 5.75 involved the reproduction and service of documents upon the creditors, activities which should have been performed by the assignee. Nor is it the intention of this Court to compensate Robins for the 7 hours spent on the bringing of a frivolous action in an attempt to delay the transfer of assets to the interim trustee. That act is unconditionally mandated by the simple reading of 11 U.S.C. § 543. This Court, relying on the applicable cases of this circuit, will only award compensation for services which it deems were necessary and beneficial to the estate. It should be noted that no legal action was required to enable the assignee to collect the debtor's assets. Based on the above analysis and cases this Court awards Robins the sum of $500.00 for legal services.

It is so ordered.