In re GULF HILLS DEVELOPMENT CORPORATION, d/b/a/ Gulf Hills Resort, Debtor.

Ike LARUE, Fred Larue and W.P. Bridges, Jr., Appellants,

v.

H.S. STANLEY, Jr., Trustee, Appellee.

Bankruptcy No. 8207717SC.
Civ. A. No. S84–0570(N).

United States District Court,
S.D. Mississippi, S.D.

Aug. 23, 1985.

Richard F. Scruggs, Pascagoula, Miss., for debtor.

James B. Persons, Biloxi, Miss., and William P. Wessler, Gulfport, Miss., for appellants.

Hollis C. Thompson, Jr., Gulfport, Miss., for appellee.

MEMORANDUM OPINION

WALTER L. NIXON, Jr., Chief Judge.

■ The present case comes to this Court as an appeal from a final order of the bankruptcy court. In the proceedings below, three secured creditors of the debtor (appellants) objected to the authority of the bankruptcy trustee (appellee) to pay fees to himself and his attorney for their services in the administration of the Chapter 7 bankruptcy proceedings of Gulf Hills Development Corporation. The bankruptcy court overruled the objection of the secured creditors. We AFFIRM the order of the bankruptcy court, and in doing so, we hold that the bankruptcy court's power to award reasonable compensation and reimbursement for the expenses of the trustee and his attorney is not limited by any private contract or agreement entered into by the parties involved in the bankruptcy proceedings. Rather, we are of the opinion that it is the bankruptcy judge who has the sole discretionary power to award reasonable fees to the trustee and his attorney, subject to the maximum ceilings set forth in the Bankruptcy Code.

## Facts

The debtor, who was the owner and operator of the Gulf Hills Resort in Ocean Springs, Mississippi, filed a Chapter 11 bankruptcy petition on July 2, 1982. Ike LaRue and Fred LaRue (appellants) were secured creditors in the amount of $1,000,-000 [1] against the debtor. W.P. Bridges, Jr., held a secured claim junior to the LaRues in the amount of $286,945.04.

On January 18, 1983, the bankruptcy court converted Gulf Hills' Chapter 11 reorganization proceeding to a Chapter 7 liquidation and appointed as trustee H.S. Stanley, Jr. On January 24, 1983, the bankruptcy court entered an order authorizing Stanley to operate for a period of 60 days the business of the debtor, namely, the Gulf Hills Resort and Hotel facility in Ocean Springs, Mississippi. By order dated February 3, 1983, the bankruptcy court allowed a fee to the debtor's attorney, Richard F. Scruggs, in the amount of $17,-967.69 as an administrative claim under § 507(a)(1) of the Bankruptcy Code.

On February 14, 1983, Robert T. Windham submitted an offer to Stanley, in his capacity as trustee of the debtor's estate, to purchase the property of the debtor for the sum of $1,541,000. Stanley accepted the offer of Windham and on February 17, 1983, applied to the bankruptcy court for authority to accept the offer to purchase and to execute the sale agreement. On that same day, the LaRues entered into a memorandum of agreement with Stanley and his attorney, along with Scruggs, the debtor's attorney. The memorandum of agreement is concise and is reproduced in its entirety hereafter:

### MEMORANDUM OF AGREEMENT

WHEREAS, Robert T. Windham has submitted to trustee H.S. Stanley, Jr. an Offer to Purchase dated February 14, 1983, a true and correct copy of which is attached hereto and made a part hereof; and whereas set (sic) offer directly af-fects the claims of Fred and I.P. LaRue, and W.P. Bridges, Jr., now, therefore, in order to clarify and confirm the treatment of the claims of LaRue and Bridges under said offer, the undersigned parties agree as follows:

1. That out of the total purchase price to be paid for said property to be purchased by Robert T. Windham, the sum of approximately $510,000.00 cash, or the net amount received by the Trustee after payment of the first and second Deeds of Trust under the terms of the above referenced Offer to Purchase, shall be paid to the secured creditors LaRue and Bridges.

2. That from said $510,000.00, an amount not to exceed $30,000.00 shall be deducted and paid to the trustee, the trustee's attorney and the attorney for the debtor in possession for their administrative claims, provided however, that in the event that sufficient funds are generated by the estate to pay all or part of said claims, then the amount to be deducted from the $510,000.00 for payment of said claim shall be reduced accordingly.

3. That in exchange for the payment of the above sums to LaRue and Bridges, and further in consideration of Windham bringing current the first and second Deed of Trust holders and maintaining them in a current status, LaRue and Bridges agree to forebear from exercising their rights of foreclosure under their Deeds of Trust.

4. The parties further agree that upon consummation of the approved sale and payment of the above sums and after the expiration of the appeal period for any order of the Bankruptcy Court approving and confirming said sale, then LaRue and Bridges will cancel their Deeds of Trust on the corporation property and all parties further agree that any and all claims between or among

---

1. The LaRues have assigned their secured claims against the debtor to First Mississippi National Bank.

them shall be cancelled and held for naught.

WITNESS OUR SIGNATURES this the 14 day of February, 1983.

Signed: ·
FRED LARUE
I.P. LARUE
JAMES B. PERSONS for
W.P. BRIDGES, JR.
HOLLIS C. THOMPSON, JR.
RICHARD F. SCRUGGS for
LORIS C. BRIDGES
H.S. STANLEY, JR.,
TRUSTEE

On April 15, 1983, Stanley completed the sale of the Gulf Hills Resort to Windham. On January 11, 1984, Stanley filed with the bankruptcy court his final account and application for compensation, seeking both compensation for himself in the sum of $18,562.95 and for his attorney, Hollis C. Thompson, Jr., in the sum of $12,560.00. The appellants objected to Stanley's fee applications, maintaining that the total fees that could be awarded from the debtor's estate were limited by the terms of paragraph two of the memorandum of agreement to no more than $30,000. According to the appellants, since Scruggs, the debtor's attorney, had already been paid a fee of $17,967.69, there remained only $12,-032.31 from which to pay the trustee and his attorney for their services. Consequently, Stanley's application for payment to himself and his attorney, which totaled $31,122.95, could not be paid in full because of the limitations in the memorandum agreement and the earlier fee payment to Scruggs.

Following a hearing, the bankruptcy court overruled the appellants' objections and filed its Findings of Fact and Conclusions of Law. The bankruptcy court, finding the memorandum of agreement to be ambiguous, considered facts outside the document, and concluded that the services of Stanley and his attorney consisted of work above and beyond that contemplated by the memorandum of agreement. In addition, the bankruptcy court found that there was a mutual mistake at the time of the drafting of the memorandum of agreement with respect to the amount of funds to be generated in the operation of the debtor's estate and in the amount of work to be performed by the trustee and his attorney. Because of this mutual mistake among the parties to the memorandum agreement, the bankruptcy court found the agreement to be unenforceable. Accordingly, the bankruptcy court granted Stanley's application for fees and expenses for himself and his attorney. In making this award, the bankruptcy court noted that "there is no dispute as to the reasonableness of these figures of the amounts generated by the trustee upon which his fee application is based."

### Applicable Law

■ We begin by stating that it is unnecessary to address the bankruptcy court's findings that the memorandum of agreement was ambiguous and that the parties thereto were operating under a mutual mistake at the time they entered into and executed the agreement. Rather, we hold that the bankruptcy court was not bound by any agreement fixing the fees of the trustee, his attorney, or the debtor's attorney which was never approved by the court. In support of our position, we look to the language of 11 U.S.C. § 330(a), which authorizes the bankruptcy court to award fees and compensation for expenses of the trustee and other professional persons:

(a) After notice and a hearing and subject to Sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under Section 327 or 1103 of this title or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on

such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

One bankruptcy court, in reviewing the legislative history of 11 U.S.C. § 330, stated that:

In a bankruptcy case, fees are not a matter for private agreement. There inherently exists a "public interest" that "must be considered in awarding fees." *Massachusetts Mutual Life Ins. Co. v. Brock*, 405 F.2d 429, 432 (5th Cir.1968), *cert. denied*, 395 U.S. 906, 89 S.Ct. 1748, 23 L.Ed.2d 220.

*In re Erewhon, Inc.*, 21 B.R. 79 (Bkrtcy.D. Mass.1982).

Similarly, in *In re Thorogood*, 22 B.R. 725, 728 (Bkrtcy.E.D.N.Y.1982), the bankruptcy court stated that "the power to award reasonable compensation and reimbursement for expenses to a trustee and his attorney lies clearly with the judiciary and not the parties. 11 U.S.C. § 330(a)." *See also In re Penn Fruit Co., Inc.*, 26 B.R. 81 (Bkrtcy.E.D.Pa.1982) (monetary limitation on costs of administration contained in debtor's plan not binding on the court).

This Court, influenced by the foregoing cases and by its own reading of 11 U.S.C. § 330(a), is of the opinion that the bankruptcy court was not bound in any way by the provisions of the memorandum of agreement discussed above. Specifically, the bankruptcy court was not limited by the $30,000 limitation set forth in the memorandum of agreement in awarding fees to the trustee, the trustee's attorney and the debtor's attorney. Rather, the trustee is entitled to a reasonable fee under § 330 of the Bankruptcy Code, up to an amount not to exceed the statutory ceiling set forth in 11 U.S.C. § 326(a).

After reviewing the record and the findings of fact of the bankruptcy court, it is apparent that the bankruptcy court was justified in finding the trustee's fees to be reasonable and within the statutory limits for allowable compensation. In fact, as was pointed out by the bankruptcy court in its findings of fact and conclusions of law, the issue of whether the trustee's fees or the fees of his attorney were in fact reasonable was never raised by the appellants in the proceedings below. Therefore, we will uphold the bankruptcy court's award of fees in the amount of $18,562.95 to the trustee.

In addition, the bankruptcy court has the discretionary power under § 330(a) to award reasonable compensation to the attorney employed by the trustee. The Fifth Circuit Court of Appeals, *In Matter of First Colonial Corp. of America*, 544 F.2d 1291 (1977), has said that

Because the lower court "has a far better means of knowing what is just and reasonable than an appellate court can have," *Trustees v. Greenough*, [15 Otto 527, 537] 105 U.S. 527, 537, 26 L.Ed. 1156, 1162 (1881), district courts and bankruptcy judges have broad discretion in determining the amount of attorneys' fees to award as compensation for services performed in connection with bankruptcy proceedings, and their exercise of that discretion will not be disturbed by an appellate court absent a showing that it was abused.

   \*     \*     \*     \*     \*     \*

But in awarding attorneys' fees under these conditions, the bankruptcy judges and the district courts "should be particularly diligent in setting forth the facts that support [their] conclusion." *Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161, 166, n. 9 (3rd Cir.1973).

*Id.*

Again, after reviewing the record, along with the findings of fact of the bankruptcy court below, we find nothing to indicate that the bankruptcy court abused its discretion in awarding fees to the attorney for the trustee in the amount of $12,560.00.

### Conclusion

Title 11 U.S.C. § 330(a) grants the bankruptcy court the power to award fees to

and reimburse expenses of the trustee, the attorney for the trustee, and other professionals involved in administering the debtor's estate. We believe that the bankruptcy court below was in no way bound by the memorandum of agreement entered into by the debtor, certain secured creditors, the trustee, and the trustee's attorney, which limited the amount of fees that could be awarded to the trustee and his attorney by the bankruptcy court.

Accordingly, we AFFIRM the order of the bankruptcy court. An appropriate order shall be entered.