### In re DINSMORE TIRE CENTER, INC., Debtor.

**Bankruptcy No. 84–00205–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Nov. 9, 1987.

Irving E. Gennet, trustee.

Robert C. Furr, for trustee.

## ORDER ON FEE APPLICATIONS

THOMAS C. BRITTON, Chief Judge.

Fee applications were before the court at the final meeting of creditors held October 20.

### Special Charges

The trustee is directed to pay the Clerk's special charges in the amount of $122.75.

### The Trustee's Attorney

The trustee's attorney, employed one month after the case was converted to chapter 7, seeks a fee of $8,812 for 58.75 hours spent in this representation. (C.P. No. 127). At the hearing, the applicant reduced his application to $7,343, which reflects his customary hourly charges in effect when these services were provided. The application is documented and reasonable. It is approved in the amended amount.

■ The applicant also seeks reimbursement for expenses, which are approved in the amount of $76.38. The balance of the requested expenses are for "photocopies and postage". These are in-house charges which I have considered in passing upon the reasonableness of the attorney's hourly charges and have disallowed them as an additional out-of-pocket expense.

### Trustee's Fee

The same individual served as a chapter 11 trustee in this case which was filed February 6, 1984 and converted to chapter 7 on April 12 (two months later), and as chapter 7 trustee since conversion. The administration by the trustee and his attorney ended for all practical purposes in January 1986.

The applicant asks for a total of $2,892 for his services as a chapter 11 trustee and as a chapter 7 trustee. The *maximum* fee authorized by 11 U.S.C. § 326(a) for his services in both capacities is $2,832, calculated upon the $36,526 which he disbursed to creditors during the chapter 11 phase of this case and the $84,170 which he disbursed during the chapter 7 phase.[1]

■ In this instance, the total statutory maximum fees are excessive because they are calculated twice on $30,415 which he collected and disbursed as chapter 11 trustee and, again, on the same funds after conversion, which he received as chapter 7 trustee from himself, and when the $30,415 was disbursed to creditors of the estate.

As chapter 11 trustee he collected this money but did not disburse it. As chapter 7 trustee he disbursed but did not collect this money. The maximum statutory compensation which is set by § 326(a) is for *both* services. The statutory intent is evaded by calculating the fee twice on this sum.

The trustee's *reasonable* compensation is $1,110 as chapter 11 trustee and $1,417 as chapter 7 trustee, or a total of $2,527 in both capacities.

This applicant has claimed entitlement to an additional $1,500 which he received in August 1984 by negotiation from the secured creditor in recognition of the trustee's services in liquidating the creditor's collateral and disbursing the proceeds to the creditor. The receipt and payment of this $1,500 was approved by an order dated August 6, 1984 (Adv. No. 84–0326 C.P. No. 5).

---

**1.** I defer to instructions apparently given long ago by someone in the Administrative Office for the calculation of the maximum permitted by § 326(a), but I question his conclusion that money disbursed by a bankruptcy trustee to a successor trustee after conversion has in fact been disbursed "to parties in interest" as specified in the statute.

■ I do not now recall the circumstances under which this order was submitted to and signed by me, but a bankruptcy trustee cannot receive any compensation for any services rendered by him in his capacity as a bankruptcy trustee, other than the compensation authorized by § 326(a). Obviously, if this trustee is permitted to receive $1,500 from a creditor in addition to the statutory maximum fee authorized for his disbursement of the funds paid to the secured creditor, the trustee will receive approximately double the *maximum* authorized compensation for his services. I am disappointed that this experienced and capable trustee and his equally capable and experienced counsel could have thought otherwise and that I permitted any uncertainty by signing the order of August 6.

■ Quite clearly, the only legal justification for any payment by the secured creditor to the trustee is contained in § 506(c):

"The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

If the trustee and the secured creditor reached agreement that a surcharge to the creditor for the benefit of this estate in the amount of $1,500 is a reasonable charge for those services, I would have no reason to question or disapprove the surcharge.

However, this is a recovery by the trustee *for the estate*. There is no authorization for the trustee to retain this money as his personal compensation. To the extent that the order of August 6, 1984 could be interpreted otherwise, it is corrected and superseded by this Order.

This applicant, whose compensation is approved above in the total amount of $2,527, has already received $1,500 in payment for those services. Therefore, his final additional compensation is authorized in the amount of $1,027.