In re FINANCIAL CORPORATION OF AMERICA, Debtor.

David A. GILL, Chapter 11 Trustee, Appellant,

v.

Davis H. von WITTENBURG, United States Trustee, Appellee.

BAP No. CC–89–1823 MeOV.
Bankruptcy No. SA 88–05405–JW.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 12, 1990.

Decided May 30, 1990.

222

Richard K. Diamond, Los Angeles, Cal., for David Gill, Chapter 11 Trustee.

Arthur N. Marquis, Santa Ana, Cal., for Davis H. von Wittenburg.

Before MEYERS, OLLASON and VOLINN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

A trustee in bankruptcy under Chapter 11 of the Bankruptcy Code ("Code") turned over substantial funds to himself as Chapter 7 trustee when the case was converted. As Chapter 11 trustee he then sought fees based in part on such funds. From a denial of fees on those funds, the Chapter 11 trustee appeals. REVERSED and REMANDED.

### II

### FACTS

The facts are not disputed. The debtor, Financial Corporation of America ("FCA"), was chiefly engaged in business as the owner of a securities brokerage firm and the American Savings & Loan Association, the assets of which had been seized by the Federal Savings and Loan Insurance Corporation. FCA filed for reorganization under Chapter 11 of the Code on September 9, 1988, and four days later David A. Gill ("Gill") was appointed as the trustee.

Gill served as Chapter 11 trustee until March 3, 1989, when he successfully moved to have the case converted to Chapter 7. On March 7, 1989, Gill was appointed Chapter 7 trustee.

As Chapter 11 trustee Gill paid out a total of $5,208,189.93. Of this amount, $3,663,192.48 was turned over to himself as Chapter 7 trustee and the remainder of $1,544,997.45 was disbursed to various other parties. In filing his final account Gill sought a fee award of $150,000. If the entire sum of $5,208,189.93 qualifies as "moneys disbursed or turned over in the case" under Section 326(a) of the Code, the maximum allowable compensation to the trustee under that Section would be $156,425.70. However, if only the disbursements of $1,544,997.45, to parties other than the Chapter 7 trustee, qualify under the language of Section 326(a), the maximum compensation of the trustee would be $46,529.92.

The United States Trustee objected to Gill's proposed award of $150,000 on the ground that the turnover of $3,663,192.48 to himself as Chapter 7 trustee should not

be counted for purposes of determining the ceiling on Chapter 11 trustee compensation. Gill was allowed a final fee of $46,520.92 notwithstanding the trial court's observation that Gill had performed valuable services to the Chapter 11 estate in an. extremely complex case.

## III

### STANDARD OF REVIEW

Generally, compensation awards to professionals in bankruptcy cases are made under the criteria set out in Section 330(a). So set, the fees "will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law." *In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir.1985). *See also In re Knudsen Corp.,* 84 B.R. 668, 670 (9th Cir. BAP 1988); *Southwestern Media, Inc. v. Rau,* 708 F.2d 419, 422 (9th Cir.1983) (Bankruptcy Act).

■ In the instant case the trial court seems to have interpreted Sections 330 and 326 erroneously, so as to preclude the full exercise of judicial discretion. The case thus turns on issues of statutory interpretation. *Knudsen, supra,* 84 B.R. at 670. Statutory interpretation is a question of law that is reviewed *de novo. In re Hunters Run Ltd. Partnership,* 875 F.2d 1425, 1426 (9th Cir.1989); *Mission Indians v. American Mgmt. & Amusement, Inc.,* 840 F.2d 1394, 1401 (9th Cir.1987); *In re Hill,* 811 F.2d 484, 485 (9th Cir.1987).

## IV

### DISCUSSION

Three issues are presented by this appeal: First, the criteria to be used by the trial court in setting trustee compensation awards and the scope of discretion in applying those criteria; second, whether the fee to be paid to a Chapter 11 trustee in a case that is converted to Chapter 7 must be split with the Chapter 7 trustee under Section 326(c); and third, whether the calculation of the statutory maximum compensation to the Chapter 11 trustee under Section 326(a) may include sums paid over to a successor Chapter 7 trustee.

### A. *The Trial Court May Set Compensation Awards to Trustees Based on the Value of Services, Subject to the Statutory Maximum*

■ Authorization for compensation of trustees is found in Section 330(a) of the Code, which states in pertinent part:

[T]he court may award to a trustee ...

(1) reasonable compensation for actual, necessary services rendered ... based on the nature, the extent, and the value of such services, and on the time spent on such services, and the cost of comparable services....

As implemented, these criteria for setting trustee fees have closely resembled the factors used for awarding attorney fees. *In re Garland Corp.,* 8 B.R. 826, 829–32 (Bankr.Mass.1981). *See generally* 2 *Collier on Bankruptcy,* ¶ 330.05[2] (15th ed. 1989). *See also Matter of Urban America Development Co.,* 564 F.2d 808, 809 (8th Cir.1977) (construing Bankruptcy Act Section 241). Classically, those factors include the time and labor involved; the novelty and difficulty of the questions presented by the case; and the experience, reputation and ability of the professional. *See, e.g., Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974); *In re Pacific Exp., Inc.,* 56 B.R. 859, 862–63 (Bankr.E.Cal.1985); *In re Jansen,* 47 B.R. 641, 642 (Bankr.Ariz.1985).

Once reasonable fees are determined according to the above criteria, a trustee's fees are cut down, if required, to the statutory maximum stated in Section 326(a). This provision, which refers specifically to the initial determination of fees by the Section 330(a) standard, reads as follows:

(a) In a case under Chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, ... not to exceed [certain percentages] upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Crucially, the provisions of Sections 330(a) and 326(a) are independent of one

another. *In re Orthopaedic Technology, Inc.*, 97 B.R. 596, 601 (Bankr.Colo.1989); *In re Roco Corp.*, 64 B.R. 499, 502–04 (D.R.I. 1986). Trustee fees should be set according to the Section 330 criteria, not merely according to the amount of moneys disbursed. *Roco, supra*, 64 B.R. at 502–03 (The maximum fee under section 326(a) really has no correlation with fair value for services). As stated in the legislative history to Section 326:

> It must be emphasized that this section does not authorize compensation of trustees. This section simply fixes the *maximum* compensation of a trustee. *Proposed 11 USC 330 authorizes and fixes the standard of compensation.* Under [the superseded Bankruptcy Act] the maximum limits have tended to become minimums in many cases. *This section is not intended to be so interpreted.* The limits in this section, together with the limitations found in section 330, are to be applied as outer limits, and not as grants or entitlements to the maximum fees specified.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 327 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6823 (emphasis added).

■ In employing the fee setting criteria of Section 330(a), the bankruptcy judge is accorded wide discretion. According to *In re Gulf Hills Development Corp.*, 60 B.R. 366, 369 (S.D.Miss.1985), a bankruptcy judge has sole discretionary power to award reasonable fees to the trustee and his attorney, subject to the maximum ceiling. *See also In re McCombs*, 751 F.2d 286, 288 (8th Cir.1984); *In re Lee Way Holding Co.*, 102 B.R. 616, 628 (S.D.Ohio 1989); *Roco, supra*, 64 B.R. at 505.

■ As suggested above, it is not clear that the Section 330(a) factors were used in determining Gill's fees. The trial court's Memorandum Decision re Fees does not elaborate the reasons for reaching its conclusion on Gill's fee. The Memorandum Decision reads in pertinent part: "To allow the Chapter 11 and Chapter 7 Trustee to be paid a commission on the same funds would result in 'double-dipping,' especially in cases in which the Chapter 11 and Chapter 7 Trustees are the same person." [1] The statement "to be paid a commission on the same funds," connotes an improper focus on Section 326(a) in determining fees.

## B. *The Statutory Maximum and the Proper Allocation of Fees*

Although the two remaining issues are legally distinct they are best treated together. The first of these issues is whether in a converted case the Chapter 11 trustee fee is independent from the Chapter 7 fee or whether the compensations to the trustees must be aggregated when applying the statutory limits of Section 326(a). The second issue is whether the funds turned over to the Chapter 7 trustee may be counted in determining the Section 326(a) maximum amount. We conclude, first, that the two fees are independent of one another; and second, that in making an interim award to the Chapter 11 trustee the funds turned over to the Chapter 7 trustee should be counted in determining the Section 326(a) statutory maximum. The above conclusions provide desirable flexibility to the trial court to award fees appropriate to the two trustees.

### 1. Section 326(c)

■ Section 326(c) reads as follows:

(c) If more than one person serves as trustee in the case, the aggregate compensation of such persons for such service may not exceed the maximum compensation prescribed for a single trustee by [326(a)]....

The legislative history makes clear that this provision addressed the Bankruptcy Act problem of a receiver receiving a full fee and a subsequent trustee also receiving a full fee. This was said to be especially egregious where the receiver and trustee were the same individual. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 327–28 (1977);

---

**1.** Another statement in the Memorandum Decision also leads us to question the criteria used: "Normally, a Trustee would not seek interim compensation until he is prepared to make a distribution on which his fee may be calculated."

S.Rep. No. 95–989, 95th Cong., 2d Sess. 38 (1978).

In the instant case, however, no such "double-dipping" problem is presented because the services performed here by the Chapter 11 trustee differ significantly from those that will be performed by the Chapter 7 trustee. Here, the proper analogy to the Bankruptcy Act is not of a receiver and subsequent trustee each receiving full fees. This case is akin to a trustee who, under Bankruptcy Act Section 48c(2), was properly awarded double commissions for *conducting the business* of the bankrupt for a period of time in addition to the normal administrative duties. *See Matter of George W. Shiebler & Co.*, 174 F. 336, 336–37 (2nd Cir.1909); 2A *Collier on Bankruptcy* ¶ 48.08[1] (14th ed. 1978).

A trustee under Chapter 11 of the Code is compensated for work performed in carrying on the business of the estate; in contrast the Chapter 7 trustee is compensated for tasks pursuant to liquidation. Although the nature of their services differ, both are valuable to the estate. As stated in *In re Yale Mining Corp.*, 59 B.R. 302 (Bankr.W.Va.1986):

> Section 326(c) seeks to limit compensation in situations where two or more individuals serve as Chapter 7 Trustees, or two or more individuals serve as Chapter 11 Trustees. It does not deal with the present situation in which one Trustee has served in the case while under Chapter 11 and the other has provided services while under Chapter 7. As the *Bankruptcy Code* recognizes, the duties of a Trustee are different in a case under Chapter 11 than those of a Trustee in a case under Chapter 7.

59 B.R. at 305. *Compare In re Schneider*, 15 B.R. 744, 746 (Bankr.Kan.1981) in which the court concluded that "when a case is converted from chapter 7 to chapter 13, at least two trustees will serve in the same case, and under section 326(c), their aggregate fee cannot exceed the statutory maximum of section 326(a)...." The single compensation in *Schneider* was then apportioned, rather arbitrarily, 50% to the Chapter 13 trustee and 50% to the Chapter 7

trustee. *Yale Mining* is closer to the instant facts since the administration of the case had been converted from Chapter 11 to Chapter 7. The *Yale Mining* case is also painstaking in its interpretation of the legislative intentions behind Section 326(c).

It must be reiterated, however, that allowing separate fees to the Chapter 7 and Chapter 11 trustees does not necessarily specify how much each is to be paid. As detailed above, the criteria of compensation awards are specified in Section 330(a). Where the same individual is both Chapter 7 and Chapter 11 trustee the court may exercise its discretion to award less than the statutory maximum of Section 326(a). For example in *In re Dinsmore Tire Center, Inc.*, 81 B.R. 136 (Bankr.S.Fla.1987), an individual who served as trustee both in Chapter 11 and again in the conversion to Chapter 7 was not allowed a fee that exceeded the Section 326(a) maximum for total disbursements to third parties in both Chapters. 81 B.R. at 137. Without referring specifically to Section 326(c) the court stated:

> As chapter 11 trustee he collected this money but did not disburse it. As chapter 7 trustee he disbursed but did not collect this money. The maximum statutory compensation which is set by § 326(a) is for *both* services. The statutory intent is evaded by calculating the fee twice on this sum.

*Dinsmore, supra,* 81 B.R. at 137. Importantly, however, the apportionment of the "single fee" was not based on relative disbursements made under each Chapter. Rather, the division of compensation was based on each "trustee's *reasonable* compensation." 81 B.R. at 137.

2. Section 326(a)

Once the issue under Section 326(c) has been resolved in favor of requiring two independent fees, the issue of whether the Section 326(a) calculation made at the time of the interim award may include funds turned over to the Chapter 7 trustee virtually resolves itself. Turnovers made to a successor trustee *should* be included in the amount used to calculate the the Section 326(a) ceiling.

Failure to include such funds in the Section 326(a) calculation would undermine the independence of the two fees and blur the differences in the functions performed by the two trustees. In a case where the Chapter 11 trustee had performed substantial services to the estate but disbursed little or nothing to third parties prior to conversion, failure to include turnovers under Section 326(a) would result in an artificial and mechanical limitation on the trustee's compensation *notwithstanding* that under Section 326(c) the Chapter 11 fee is supposed to be independent of the liquidation fee. On a practical level, in other words, the Section 326(c) issue and Section 326(a) turnover issues must be considered together and resolved consistently if unfairness to the Chapter 11 trustee is to be avoided.

This conclusion is substantiated by a close reading of the statutory language. Section 326(a) permits compensation based on "all moneys disbursed or turned over in the case by the trustee to *parties in interest, excluding* the debtor, but *including* holders of secured claims." (emphasis added). This language is specific and it would have been a simple matter for Congress to exclude successor trustees along with debtors. Congress presumably addressed its concerns about double compensation for trustees in Subsection 326(c), which prevents multiple trustees under the same Chapter in a case from earning aggregate compensation in excess of the limits stated in Section 326(a). *See* discussion *supra*.

V

CONCLUSIONS

The trial court had the discretionary authority to award to the Chapter 11 trustee reasonable compensation based on the Section 330(a) criteria of "the nature, the extent, and the value of [his] services, the time spent on such services, and the cost of comparable services." In a case that is converted to Chapter 7, the fees to be awarded to the two trustees are independent and the funds turned over to the Chapter 7 trustee are counted in calculating the Section 326(a) maximum on the Chapter 11 trustee's compensation.

However, the trial court retains discretion to set the Chapter 7 or the Chapter 11 trustee's fee, subject to the statutory maximum amounts. In the instant case, for example, if the trial court determines that the value of the Chapter 7 trustee's services has been limited, the trial court may reduce that award and thus avoid any inappropriate "double-dipping."

REVERSED and REMANDED.