**Linda L. PETRINO, Plaintiff,**

v.

**Clifford E. ELEY, individually and as a bankruptcy trustee, Defendant.**

**Civ. A. No. 92–B–1305.**

United States District Court,
D. Colorado.

Oct. 7, 1992.

Linda L. Petrino, pro se.

Gary C. Flynn, Law Office of Gary C. Flynn, Boulder, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff moves to withdraw the reference of this action to the United States bankruptcy court. The issue is adequately briefed and oral argument will not materially aid its resolution. Because plaintiff has shown good cause for withdrawing this reference pursuant to 28 U.S.C. § 157(d), her motion is granted.

Plaintiff was appointed to the panel of Chapter 7 bankruptcy trustees serving in the District of Colorado in January, 1988, and served in that capacity until her resignation on September 7, 1990. At the time of her resignation, plaintiff was serving as trustee in approximately 400 Chapter 7 cases. Defendant succeeded plaintiff as trustee in these cases.

In her complaint, originally filed in Denver County district court and removed to bankruptcy court, plaintiff alleges that defendant twice agreed in December, 1990 and June, 1991 to pay her a portion of the fees, expenses, and other compensation he received as successor trustee. Plaintiff further alleges that defendant breached his duties as a trustee by hindering plaintiff's efforts to directly submit fee claim forms and by failing to pay money allegedly owing to plaintiff. Defendant contends that these state law claims constitute mere artful pleading to avoid the jurisdiction of the bankruptcy court. Rather, defendant maintains that a bankruptcy trustee may receive commissions, fees, and costs only by application to the bankruptcy court. 11 U.S.C. § 330.

Section 157(d) provides that the district court may withdraw any case referred to a bankruptcy court "for good cause shown." Here, plaintiff argues that she has shown good cause because she has a right to a jury trial on her state law claims and bankruptcy courts cannot conduct jury trials. Therefore, plaintiff argues, the reference must be withdrawn to preserve her Seventh Amendment right to a jury trial. I agree.

■ Bankruptcy courts may not conduct jury trials. *In re Kaiser Steel Corp.*, 911 F.2d 380, 386 (10th Cir.1990). Thus, resolution of this motion turns on whether plaintiff's claims entitle her to a jury trial.

■ In *Granfinanciera v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989), the Court used a two-part analysis to determine whether a cause of action triggers the Seventh Amendment. First, courts should compare the cause of action to 18th Century actions brought in the courts of England before the merger of law and equity. *Id.* Second, and more importantly, courts should examine the remedy sought and determine whether it is legal or equitable in nature. *Id.* Further, resolution of this question is not dependent on whether Congress classified these claims as core or non-core for purposes of bankruptcy court jurisdiction. *Id.* at 50–51, 109 S.Ct. at 2794–95 (A plaintiff has a right to a jury trial to vindicate private, as opposed to public, rights even where Congress has assigned adjudication of the cause of action to a non-Article III court).

■ Here, plaintiff asserts two causes of action: breach of contract and breach of trustee duties. Clearly, the contract claim existed in 18th Century England as a legal claim. To the extent that plaintiff's claim for breach of trustee duties may be cognizable (the duty is alleged owing by defendant to plaintiff, not to any bankruptcy estate), it is analogous to a cause of action for breach of fiduciary duties or negligence, either of which constituted a legal claim. Further, as to both claims, plaintiff seeks a purely legal remedy—money damages—and seeks only to vindicate her private rights. Therefore, the Seventh Amendment entitles plaintiff to a jury trial on these claims and her motion to withdraw reference is granted.

■ Nevertheless, defendant argues that plaintiff's causes of action are mere artful pleading to disguise the true, bankruptcy nature of her claims. Defendant relies on 11 U.S.C. § 330, which provides

that trustees must apply to a court for their fees, costs, and other compensation. However, it is implicit in the statute that the trustee seek compensation from the bankruptcy estate itself. Plaintiff here does not seek any funds from the various bankruptcy estates. Rather, she seeks compensatory damages from defendant himself. Although it is true that the contracts purport to apportion fees paid by the various estates to defendant, those terms do not convert plaintiff's claims against defendant into a section 330 claim against an estate. Thus, I conclude that section 330 does not apply here.

For much the same reasons, defendant's reliance on *In re Gulf Hills Development Corp.*, 60 B.R. 366 (S.D.Miss.1985), is misplaced. In that case, the parties and the trustee entered into an agreement disposing of the estate's main asset and setting the trustee's compensation. The court held that trustee fees "are not a matter for private agreement." *Id.* at 369. The court refused to be bound by the contract and itself set a reasonable fee under section 330. *Id.* However, that case is distinguishable because the trustee sought his fees from the bankruptcy estate directly as opposed to contract damages from a successor trustee.

As should be clear from this order, this action is not tied to any specific bankruptcy case, nor is it an adversary proceeding. The purported contracts, though based upon the 400 Chapter 7 cases to which defendant succeeded plaintiff, stand alone. Thus, this is an independent civil action for breach of contract and breach of duties and the case caption in all further pleadings shall delete any reference to specific bankruptcy cases or adversary proceedings.

Furthermore, this ruling raises the question of my jurisdiction. Under 28 U.S.C. § 1334(b), I have original but not exclusive jurisdiction to hear cases "arising in or related to a case under Title 11." Further, no diversity jurisdiction appears to exist. Therefore, the parties shall show cause in writing by October 21, 1992 why this action should not be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Accordingly, IT IS ORDERED THAT:

(1) Plaintiff's motion to withdraw reference is GRANTED; and,

(2) The parties shall SHOW CAUSE in writing on or before October 21, 1992 why this action should not be remanded to state court.