**In re KNUDSEN CORPORATION and affiliates, Debtor.**

**U.S. TRUSTEE, Appellant,**

**v.**

**KNUDSEN CORPORATION and affiliates; Official Creditors' Committee of Knudsen Corp.; Official Creditors' Committee of Foremost Dairies, Inc., Appellees.**

**BAP Nos. CC 86–2132 JMoV, CC 87–1045 JMoV and CC 87–1355 JMoV.**

**Bankruptcy Nos. LA 86–12940–BR, LA 86–14505–BR, LA 86–17344–BR and LA 86–17345–BR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 23, 1987.

Decided March 31, 1988.

---

Peter C. Anderson, Office of the U.S. Trustee, Los Angeles, Cal., for appellant.

George C. Webster, II, Stutman, Treister & Glatt, Los Angeles, Cal., for appellees.

## OPINION

Before JONES, MOOREMAN and VOLINN, Bankruptcy Judges.

JONES, Bankruptcy Judge:

■ The United States Trustee appeals an order authorizing a fee payment and application procedure whereby professionals employed by the debtor and its creditors' committee would be paid each month without prior court approval of billing statements. We conclude that the trial court has authority, in certain cases, to implement such a procedure and affirm.

## FACTS

After involuntary proceedings were commenced against them, the debtors, Knudsen Corporation, Foremost Dairies and Affiliates ("Debtors"), filed voluntary Chapter 11 petitions on September 17, 1986. The case has essentially been a liquidating Chapter 11 and the Debtors' principal secured creditor, Citicorp Industrial Credit, Inc. ("Citicorp"), has been providing funding to the Debtors to pay administrative obligations and other expenses. The Debtors have employed the law firms of Stutman, Treister & Glatt and Irell & Manella, as their bankruptcy and corporate counsel, respectively.

In November, 1986, the Debtors filed and noticed an application for an order authorizing the following fee application and payment procedure: At the end of each month, counsel submits to the Debtors statements for compensation and reimbursement of expenses for the prior month. The statements, based upon counsel's customary hourly rates, are paid promptly if acceptable to the Debtors. At least ten days before the first interim payment is sought, each law firm files a schedule of rates with the bankruptcy court and serves it on the Debtors, on counsel for Citicorp, on the United States Trustee, on the Securi-

ties and Exchange Commission, and on counsel for the creditors' committees. Within fifteen days following the end of each three month period, counsel files with the bankruptcy court and serves on the above parties-in-interest, an application for court approval of the statements filed during the three month period. If quarterly statements are not timely filed, the Debtors do not pay either law firm until the quarterly statements are approved by the bankruptcy court.

Although Citicorp approved the above procedure, the United States Trustee ("Trustee") objected to it. The Trustee argued that the bankruptcy court lacked authority to approve a procedure whereby counsel would be paid prior to receiving court approval of the fees sought. The bankruptcy court rejected the Trustee's argument and, on November 24, 1986, entered an order approving the Procedure.

In January and March of 1987, the bankruptcy court approved virtually identical fee payment and application procedures for the Debtors' accountants, Peat, Marwick, Mitchell & Co., and for counsel for the Knudsen creditors' committee, Shea & Gould. The Trustee timely appealed the three orders authorizing the use of the above procedure.[1] Because they all address the same issue, the appeals have been consolidated.

1. On March 11, 1987, we denied the Debtors' motion to dismiss the appeals as interlocutory and granted the Trustee leave to appeal pursuant to Bankruptcy Rule 8003(c).

2. Section 328 further provides in pertinent part:
Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

3. Section 331 provides in relevant part:
A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such appli-

## QUESTION PRESENTED

Whether the bankruptcy court has authority to approve a fee payment and application procedure that permits periodic postpetition payments to professionals without prior court approval of the payments.

## STANDARD OF REVIEW

Generally, a bankruptcy court's award of attorneys fees or similar compensation is reviewed on appeal for an abuse of discretion. *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir.1985). The case at bar, however, presents a question of statutory construction which we review de novo. *See Trustees of the Amalgamated Ins. Fund v. Geltman Indus., Inc.*, 784 F.2d 926, 929 (9th Cir.1986).

## DISCUSSION

Under Bankruptcy Code section 328(a), 11 U.S.C. § 328(a), bankruptcy courts may authorize the employment of professionals "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis."[2] Bankruptcy Code section 331, which incorporates by reference section 330, regulates the allowance of fees for, *inter alia*, professionals employed by the debtor.[3] 11 U.S.C. §§ 331, 330. Under these provisions, the court may allow and disburse

cation or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

Section 330, which is incorporated by reference into section 331, provides in relevant part:
(a) After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
(2) reimbursement for actual, necessary expenses.

fees to professionals in accordance with specific criteria and "after notice and a hearing". The instant case requires us to reconcile section 328's broad language which includes the term "retainer" with section 331's specific requirements including notice and hearing.

■ At the outset, we note that the issue presented here is one of first impression. Judge Matheson of the U.S. Bankruptcy Court in Colorado has, in at least two cases, used a fee payment procedure similar to the one here. *See In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr.D.Colo. 1987); *In re Kaiser Steel Corp.*, 74 B.R. 885 (Bankr.D.Colo.1987). In neither case, however, was the issue of the court's authority to implement such a procedure discussed. In our view, Congress' inclusion of the term "retainer" in section 328(a) indicates that in certain rare circumstances where adequate safeguards are taken, a bankruptcy court may implement a fee payment procedure such as the one used here. This is especially true where, as here, the bankruptcy case is essentially a controlled liquidation for the benefit of a secured creditor.

In challenging the instant procedure, the Trustee first argues that section 328(a) does not authorize *payment* of compensation to professionals. The Trustee points to the legislative history of Bankruptcy Code sections 328, 330, and 326.[4] According to the Trustee, this legislative history indicates that Congress intended that section 328 only authorized bankruptcy courts to approve compensation agreements establishing maxima and guidelines for professional compensation. *See* S.Rep. No. 95–989, 2d Sess. 39 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 327–330 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. *See also In re Tom Carter Enterprises*, 49 B.R. 243, 245 (Bankr.C.D.Cal. 1985) (section 326 does not indicate when compensation may be paid). Therefore, the Trustee asserts, sections 326 and 328 establish the methods and limitations for calculating compensation and reimbursement to trustees and to professionals employed by the Debtor. Allowance and disbursement of compensation, however, is allowed only in accordance with sections 330 and 331 (i.e., after a fee application has been filed, and after notice and an opportunity for a hearing have been provided).

The Trustee further argues that three policy considerations support its interpretation of the Code: (1) the Bankruptcy Code's policy is to permit payment of professionals only after application to the court and notice to creditors; (2) procedures such as the one authorized in this case could be used in a discriminatory fashion in favor of large affluent law firms which can guarantee return of funds; and (3) the fee procedure used here reduces the court's control over funds taken from the estate.

■ We agree with the Trustee that allowance and disbursement of fees is permitted only in accordance with sections 330 and 331. We disagree, however, that sections 330 and 331 absolutely prohibit the transfer of funds to professionals prior to compliance with those sections. Section 328(a) specifically states that a bankruptcy court may authorize a retainer as part of a compensation agreement. A retainer contemplates payment of a lump sum at the beginning of a case or periodically thereafter. Periodic retainer payments could be either set amounts or a percentage of fees incurred in prior months. Legal fees and costs may then be deducted from the retainer as they accrue and are allowed by the court. It makes little sense that the court could allow payment of a lump sum or periodic retainer before fees are earned, but not after. The critical factor is that the fees must not be finally allowed (i.e., they must be subject to repayment) until a detailed application is filed, an opportunity for objection has been provided, and the court has reviewed the application. Moreover, we note that the retainer fee procedure proposed in this case was, itself, noticed to creditors.

Therefore, although we find the Trustee's policy arguments meritorious, they do not persuade us that the instant fee proce-

4. Section 326, 11 U.S.C. § 326, parallels section 328 and provides for compensation of trustees.

dure is prohibited by the Bankruptcy Code. First, the Trustee misinterprets the Code's policy regarding payment of professionals. The fee application procedure and the notice and hearing requirement are not policies in themselves; they are a method of implementing the Code's policy of having the bankruptcy court scrutinize attorneys' fees in order to avoid overreaching and waste of estate assets. *See In re Nucorp Energy, Inc.*, 764 F.2d at 658 ("The detailed fee applications enable the bankruptcy court to fulfill its obligation to examine carefully the requested compensation in order to ensure that the claimed expenses are justified."). Because the procedure used here fully allows for scrutiny of fees by creditors and the court, this policy is intact.

Second, there is no evidence that this procedure will be used in a discriminatory manner. So long as the court is certain that fees paid but not allowed can, if necessary, be recovered, there is no reason why discrimination would occur. The ability to recover fees may be assured by a variety of methods including, without limitation, the following:

retainer payments are for only a percentage of the amount billed so that the likelihood or necessity of repayment is minimal;

counsel can post a bond covering any possible reassessment;

counsel's financial position makes it certain that any reassessment can be repaid;

funds paid prior to allowance are held in a trust account until a final or interim fee allowance is made.

If the funds are recoverable and if adequate opportunity for review of detailed fee requests is provided, the court's control over the funds is undiminished.[5]

Moreover, the Trustee ignores the problem, arising especially in large cases, that when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization.[6] This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent. *See* S.Rep. No. 95–989, *supra* at 40–41; H.R. Rep. No. 95–595, *supra* at 329–30. We conclude, therefore, that the Bankruptcy Code does not prohibit the use of a fee application such as the one here.[7]

In general, professionals must file applications for compensation which are subject to a noticed hearing prior to allowance or *payment* of fees. However, in the *rare* case where the court can make the following findings, a fee retainer procedure like the one here may be authorized:

1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;

2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;

3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; and

---

5. The Trustee warns that allowing fee application procedures like the one here will result in less scrutiny of fee applications and will turn the process into a rubber stamp. *See In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1255 (5th Cir.1986) (noting that counsel for debtor and creditors committees may enter into a "conspiracy of silence" to ensure mutual approval of fee applications). We wish to emphasize, however, that we in no way advocate reduced scrutiny of fee applications. The bankruptcy court retains the power to order whatever repayment is necessary when the final allowance is made.

6. In the case at bar, for instance, counsel for the Debtors stated at oral argument that fees for the debtor's bankruptcy and corporate counsel were in excess of $250,000 per month.

7. The Trustee recommends the following procedure which it claims is in use in a number of cases in the Central District of California and elsewhere: At the end of every month, attorneys and other professionals file and serve on interested parties applications for compensation pursuant to Bankruptcy Rule 2016; if no objection is filed within a reasonable time (e.g., 15 days), and if the court approves the application, the court may sign an order approving the request. If an objection is filed and a hearing is requested, the hearing may be set on an expedited basis. Although such a procedure would undoubtedly be appropriate, we decline to substitute our judgment for that of the trial court.

4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

The record in the instant case clearly indicates that the criteria listed above have been satisfied. Moreover, the case at bar is proceeding for the principal benefit of the secured creditor, Citicorp, which has approved the procedure and is advancing the fees. Accordingly, we AFFIRM.

VOLINN, Bankruptcy Judge, concurring.

I concur in the foregoing result for the reason that Citicorp, the secured creditor, has agreed to payment of the compensation in question out of assets subject to its security agreement. In effect, the secured creditor has agreed to pay as it goes, charges which would be assessed against it under 11 U.S.C. § 506(c). Under these circumstances prior notice to creditors is not an issue.