In re **SHELLY'S, INC. fka The Egg Chef, Inc., Debtor.**

**Bankruptcy No. 2–88–03103.**

United States Bankruptcy Court, S.D. Ohio, E.D.

July 8, 1988.

---

Robert H. Farber, Jr., Richard T. Ricketts, Wesp, Osterkamp & Stratton, Columbus, Ohio, for debtor.

F. Richard Heath, Hite & Heath, Utica, Ohio, for Cambridge PCA.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Michelle T. Sutter, Baker & Hostetler, Columbus, Ohio, for Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## ORDER DENYING APPLICATION FOR APPOINTMENT OF ATTORNEY FOR DEBTOR AND DEBTOR IN POSSESSION

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Preliminary Statement*

This matter is before the Court on the Application for Appointment of Attorney for Debtor and Debtor in Possession ("Application"), filed by Shelly's, Inc. on June 20, 1988. The Application is supported by a memorandum of law ("Memorandum") and the Affidavit of Richard T. Ricketts ("Affidavit").

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This matter is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(A).

### II. *Facts*

On June 20, 1988, Shelly's, Inc. ("Debtor") filed a petition for relief under Chapter 11, the Application, the Affidavit and notice ("Notice") of the Application. Pursuant to the Application, Debtor requests appointment of Richard T. Ricketts and the law firm of Wesp, Osterkamp & Stratton (the "Wesp firm") as its legal counsel in this Chapter 11 case under a general retainer based upon "time and standard billable charges." The Affidavit sets forth the billing rates of members of the Wesp firm whose professional services will be provided to the Debtor.

The Memorandum states that the Debtor has provided the Wesp firm with a retainer of approximately $7,000 for services to be rendered in this Chapter 11 case. The Memorandum further recites that the "Debtor did not have the ability to provide [the Wesp firm] with a retainer sufficient to cover the Firm's anticipated costs and expenses as counsel" in the Chapter 11 case. Memorandum at 1.[1] Because the Wesp firm apparently regards the $7,000 retainer to be insufficient in amount, it has requested authorization from the Court to receive compensation directly from the Debtor on a monthly basis, not to exceed 75% of its post-petition monthly billings, "subsequent to the time in which the retainer provided by the Debtor has been consumed." Although the Wesp firm will bill the Debtor, and be paid, monthly under its proposed fee compensation agreement, its fees and expenses will remain subject to a subsequent review and approval by the Court.

The Wesp firm's request is based largely on policy considerations. The firm argues that Chapter 11 cases are becoming time burdensome and expensive; that, while court review of legal fees for a debtor's counsel is appropriate, law firms should not be asked to finance the rehabilitative efforts of their clients; that a requirement to finance such rehabilitative efforts would discourage many firms, especially small firms, from handling Chapter 11 cases; and that, absent approval of compensation arrangements similar to the one proposed by Debtor, law firms will demand a more significant retainer before taking on a Chapter 11 case, thereby further depleting the cash resources of a financially-strained debtor.

### III. *Discussion*

The Application presents two distinct issues: (1) whether the Debtor has complied with applicable requirements concerning the employment of professional persons; and (2) whether the Court is authorized to, or should, approve compensation under the arrangement proposed by the Debtor.

As for the first issue presented to the Court, Section 327 of the Bankruptcy Code permits the employment of professional persons under the following conditions:

(a) Except as otherwise provided in this section, the trustee, with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Bankruptcy Rule ("Rule") 2014 provides further content to Section 327, requiring a statement of the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party-in-interest, their respective attorneys and accountants. The application also must be accompanied by a verified statement of the person to be employed, setting forth the person's connections with the debtor, creditors, or any other party-in-interest, their respective attorneys and accountants. Rule X–1008(a)(2) requires that notice and pleadings relating to applications for approval of the employment of professional persons under Rule 2014 be served upon the United States Trustee. Service of such notice must be made in sufficient time to permit the United States Trustee to participate in the matter. *See,* Rule X–1008(b).

■ Although the Wesp firm filed and served the Notice, it did not provide notice to the United States Trustee nor did it advise the parties of its unusual proposed compensation arrangement with the Debtor. It further provided an eleven day notice period for objections, a period of time

---

**1.** It is unclear from the language of the Memorandum whether the Wesp firm intended the $7,000 to cover a limited time period or all services provided during the Chapter 11 case.

Presumably, the retainer simply was a lump-sum, up-front payment against fees and expenses incurred during the initial phases of the case.

which was not authorized by the Court or any rule. The Debtor's failure to provide Notice to the United States Trustee alone is a fatal defect. Accordingly, the Application is hereby DENIED for failure to make service on the United States Trustee as required by Rule X–1008.

 Although denial of the Application on procedural grounds makes it unnecessary for the Court to rule upon the merits of Debtor's request, the Court is compelled to provide its comments on the compensation arrangement proposed by the Debtor and the Wesp firm. The Application and Memorandum cite § 328(a) of the Bankruptcy Code and *U.S. Trustee v. Knudsen Corporation (In re Knudsen Corporation)*, 84 B.R. 668 (9th Cir. BAP 1988), as authority for approval of the compensation arrangement proposed. However, the Application's reliance upon § 328(a) and *Knudsen* is misplaced. While § 328(a) of the Code permits the trustee or debtor-in-possession, with court approval, to employ or authorize the employment of a professional person on any reasonable terms and conditions of employment, including on a retainer, neither the statute nor *Knudsen* authorize approval of the compensation arrangement proposed by the Debtor. In *Knudsen*, the United States Trustee appealed a bankruptcy court order authorizing a fee payment and application procedure whereby professional persons employed by the debtor and its creditors' committees would be paid each month without prior court approval of billing statements. The Bankruptcy Appellate Panel concluded that the bankruptcy court had authority, in certain cases, to implement such a procedure. In *Knudsen*, the panel ruled that the following application and fee procedure was appropriate:

> At the end of each month, counsel submits to the Debtors statements for compensation and reimbursement of expenses for the prior month. The statements, based upon counsel's customary hourly rates, are paid promptly if acceptable to the Debtors. At least ten days before the first interim payment is sought, each law firm files a schedule of rates with the bankruptcy court and serves it on the Debtors, on counsel for Citicorp, on the United States Trustee, on the Securities and Exchange Commission, and on counsel for the creditors' committees. Within fifteen days following the end of each three-month period, counsel files with the bankruptcy court and serves on the above parties in interest, an application for court approval of the statements filed during the three-month period. If quarterly statements are not timely filed, the Debtors do not pay either law firm until the quarterly statements are approved by the bankruptcy court.

84 B.R. at 69–70.

The *Knudsen* court opined that Congress' inclusion of "the term 'retainer' in § 328(a) indicates that in certain rare circumstances where adequate safeguards are taken," a bankruptcy court may implement a fee payment procedure such as the one used there. *Knudsen*, at 671. This is especially true, the court said, where the bankruptcy case is essentially a controlled liquidation for the benefit of the secured creditor. *Id.* After thoroughly analyzing the arguments of the parties, the Bankruptcy Appellate Panel concluded as follows:

> In general, professionals must file applications for compensation which are subject to a noticed hearing prior to allowance or *payment* of fees. However, in the *rare* case where the court can make the following findings, a fee retainer procedure like the one here may be authorized:
>
> 1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;
> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
> 3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; [2] and

**2.** The *Knudsen* court suggested the following methods to assure fee recovery in the event

4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

The record in the instant case clearly indicates that the criteria listed above have been satisfied. Moreover, the case at bar is proceeding for the principal benefit of the secured creditor, Citicorp, which has approved the procedure and is advancing the fees.

*Knudsen*, at 672–73 (emphasis in original).

The factual scenario in which the instant Application is brought is distinguishable from *Knudsen* on several grounds. First, there is no record before the Court which would support the allegations set forth in the Application or the Memorandum. Second, neither the Application nor its contents were noticed to all parties in interest. Third, and most important, it is evident that the Application does not establish the presence in the case *sub judice* of any of the factual criteria which justified implementation of the unusual fee payment and application procedure in the *Knudsen* case. This is clearly not an unusually large case where exceptionally large fees will accrue on a monthly basis. Nor has the Debtor shown that the Wesp firm will be forced to endure undue hardship if it is required to obtain interim compensation pursuant to the procedure established by § 331 of the Code. Finally, Debtor has not asserted that the Wesp firm could respond to any reassessment of fees in one or more of the ways prescribed by the *Knudsen* court.

■ Section 331 of the Bankruptcy Code permits an appointed professional person to apply to the Court not more than once every 120 days after an order for relief, or more often if the Court permits, for compensation and expenses. Congress provided for the possibility of more frequent applications where the circumstances warranted it, such as in very large cases where the legal work is extensive and merits more frequent payments. H.Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 41–42 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. There is no indication in Sections 328(a), 331 or the Code's legislative history that a compensation arrangement such as that proposed by Debtor should be approved simply because the law firm is small or the debtor otherwise might be required by counsel to pay a higher retainer. To the contrary, it is clear that only in the rarest of cases should the court permit payment to professionals pursuant to a procedure varying from that established by the Code: professionals must file applications for compensation which are subject to a noticed hearing prior to allowance or payment of fees. In this case, no facts or argument have been advanced which would persuade the Court to depart from the appointment or compensation scheme provided by §§ 327–331 of the Bankruptcy Code, Rule 2014, and LBR 4.3. In short, if, on the facts of this case, the Court were to approve the application and payment methodology sought by Debtor, the rare exception to the Code's compensation procedures, which the court articulated in *Knudsen*, clearly would swallow the general rule.

In the event the Debtor still requests appointment of Ricketts and the Wesp firm as its counsel in this Chapter 11 case, it must comply with the Code, Rule 2014 and X–1008, and LBR 4.3. The Court notes that Debtor's Application also failed to comply with LBR 4.3(b) inasmuch as it did not set forth the exact amount, date paid, and source of any retainer received by the Wesp firm from a period of thirty (30) days prior to the petition date through the time of the Application.

Based upon the foregoing, the Application is hereby DENIED.

IT IS SO ORDERED.

repayment is ordered:

(1) retainer payments are for only a percentage of the amount billed so that the likelihood or necessity of repayment is minimal;

(2) counsel can post a bond covering any possible reassessment;

(3) counsel's financial position makes it certain that any reassessment can be repaid; and/or

(4) funds paid prior to allowance are held in a trust account until a final or interim fee allowance is made.

84 B.R. at 672.