In the Matter of **DANDY LION INNS OF AMERICA**, Debtor.

No. CV 90-0-148.

Bankruptcy No. 88-1329.

United States District Court,
D. Nebraska.

Oct. 15, 1990.

Paul F. Festersen, Omaha, Neb., for debtor.

Patricia M. Dugan, Omaha, Neb., Asst. U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on appeal by the United States Trustee from the order of the United States Bankruptcy Court[1] dated January 29, 1990. In this order, the bankruptcy court ruled on a motion of the trustee for reconsideration of a previous order of the bankruptcy court which authorized the employment of accountants and the procedure for their payment. For the reasons which follow, the Court finds that the order of the bankruptcy court should be reversed, and this matter remanded for further hearing consistent with this Memorandum Opinion.

## FACTUAL BACKGROUND

On September 29, 1989, upon application by the debtor, Dandy Lion Inns of America, the bankruptcy court authorized the debtor to engage the services of accountants under general retainer. The court also authorized the debtor to compensate the accountants on the terms set forth in the debtor's application. The order authorized a regular monthly billing with an itemized state-

---

1. Chief Judge, Timothy J. Mahoney, United States Bankruptcy Court for the District of Nebraska.

ment and payment by the debtor-in-possession, if the debtor-in-possession approves of the statement. The order did not give any specific guideline for submission of a fee application to the Court, nor did it require notice and a hearing prior to or subsequent to the payments to the accountants.

The United States Trustee filed a motion for reconsideration, in which it was asserted that under the Bankruptcy Code, the accountants could be compensated only after filing an application for payment, and after providing notice and an opportunity for a hearing with regard to the application. The counsel for the debtor, acting on behalf of the accountants, argued that 11 U.S.C. § 328 provides that the Court may approve the retention of professionals and their compensation arrangements, including retainers. Thus, the debtor's counsel argued that the accountants could be paid prior to approval by the Court.

The bankruptcy court ruled on the motion to reconsider in the following manner:

> The motion to reconsider is granted because the original order had no requirement for reporting to the Court and specifically applying for fees. The order must, therefore, be amended to require the professional to submit monthly billing statements to the debtor-in-possession which must be provided in detail. Payments may be made within the discretion of the debtor-in-possession. Within 15 days of the end of each calendar quarter, the professional must file a detailed application for allowance of the fees previously billed and provide notice and hearing in the same manner as other fee applications are dealt with in this district.

The United States Trustee appeals from this order arguing that the Code does not authorize the payment of professional fees in the manner allowed by Judge Mahoney's order. The United States Trustee argues that payment may be made only *after* an application is submitted and the Court approves the fees following notice and opportunity for a hearing on the application.

## ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court has the authority to approve a fee payment and application procedure that permits periodic post-petition payments to professionals without prior court approval of the payments.

## STANDARD OF REVIEW

■ This Court may review the bankruptcy court's legal conclusions *de novo* but the bankruptcy court's findings of fact may not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985).

## DISCUSSION

■ The following provisions of the Bankruptcy Code are relevant to the issue presented in this appeal.

Section 327(a) of the Bankruptcy Code states in part:

> ..., the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons,....

11 U.S.C. § 327(a).

Section 330(a) states in part:

> *After notice* to any parties in interest and to the United States trustee *and a hearing,* and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
>
> (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, ..., based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
>
> (2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a) (emphasis added).

Section 331 states:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. *After notice and a hearing,* the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331 (emphasis added).

Finally, section 328(a) states in part:

The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.....

As these Code provisions indicate, generally, professionals whose services are retained pursuant to § 327 must file an application for compensation, which is subject to a noticed hearing, *prior* to allowance and payment of fees. See 11 U.S.C. §§ 330 and 331; *In re Knudsen Corp.,* 84 B.R. 668, 672 (9th Cir. BAP 1988).

■ However, the debtor's counsel argues, and several courts have held that fee payments and application procedures whereby professionals may be paid each month without prior court approval of billing statements are permissible pursuant to § 328 of the Code which authorizes the employment of professionals on any reasonable terms and conditions, including retainers. *See e.g. In re Knudsen Corp.,* 84 B.R. 668 (9th Cir. BAP 1988). In this case, the bankruptcy court found that the procedure for payment at issue is similar to the grant of a retainer post-petition and a draw down against the retainer.

In the *Knudsen* case, the Bankruptcy Appellate Panel for the Ninth Circuit held that the broad language of § 328, which includes the term "retainer" must be reconciled with the language of § 331 which specifically requires "notice" and a "hearing" prior to allowance and disbursement of fees. Thus the Bankruptcy Appellate Panel held that "in certain rare circumstances where adequate safeguards are taken, a bankruptcy court may implement a fee payment procedure such as the one used here." *Id.* at p. 671. The payment procedure in the present case is similar to the one at issue in *Knudsen.*

In *Knudsen,* the court concluded that a fee retainer procedure may be authorized when the court can make the following findings:

1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;
2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
3. The court is satisfied that counsel can respond to any reassessment in one or more ways listed [below]; and
4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

*Id.* at pp. 672–673.

The court in *Knudsen* also concluded that the ability to recover fees may be assured by a variety of methods including:

retainer payments are for only a percentage of the amount billed so that the likelihood or necessity of repayment is minimal;

counsel can post a bond covering any possible reassessment;

counsel's financial position makes it certain that any reassessment can be repaid;

funds paid prior to allowance are held in a trust account until a final or interim fee allowance is made.

*Id.* at p. 672.

The bankruptcy court followed *Knudsen* to the extent that *Knudsen* determined that there was no statutory prohibition to the payment procedure authorized in this case. However, the bankruptcy court declined to limit its application of this type of payment procedure to "large" cases. In

fact there is no indication that the bankruptcy court considered any of the *Knudsen* limiting factors.

This Court, like the Court in *Knudsen*, concludes that the language of §§ 330 and 331 must be reconciled with the language of § 328. However, the Court also concludes that the limiting factors considered in the *Knudsen* case must be considered in this case and others like it. If the Court did not limit the authorization of the payment procedure used in this case to the certain rare cases contemplated by the court in *Knudsen*, the notice and hearing *prior* to allowance and disbursement requirement, as stated in sections 330 and 331 of the Code, would be rendered virtually meaningless.

The Court finds that the bankruptcy court erred in failing to consider these limiting factors, and thus, that this matter should be remanded to the bankruptcy court with specific instructions to consider this matter in light of the limiting factors as laid out in the *Knudsen* case.

## CONCLUSION

For the reasons stated above, the Court finds that the order of the bankruptcy court dated January 29, 1990, should be reversed to the extent that the bankruptcy court failed to limit its holding to the type of cases contemplated by the Court in the case of *In re Knudsen Corp.*, 84 B.R. 668 (9th Cir. BAP 1988). The Court further finds that this matter should be remanded for further hearing of this specific matter consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.