**In re BREAD & CHOCOLATE, INC., Debtor.**

**Bankruptcy No. 92–00088.**

United States Bankruptcy Court, District of Columbia.

March 10, 1992.

Morton A. Faller, Meyer, Faller, Weisman & Rosenberg, P.C., Washington, DC, for debtor.

## DECISION RE MOTION TO RECONSIDER DECISION REQUIRING RETAINER TO BE HELD AS DEBTOR'S PROPERTY

S. MARTIN TEEL, Jr., Bankruptcy Judge.

In this case the debtor sought authority to pay its attorneys a total retainer of $25,000 as property of the attorneys (subject to repayment if the fees are not earned). In its Memorandum filed February 26, 1992, the debtor moves for reconsideration of this court's order that the $10,-000 pre-petition retainer be held instead as the estate's property and asks that the forthcoming additional $15,000 post-petition retainer be treated as the attorney's property. The court will deny both requests.

The debtor cites *In re McDonald Bros. Const., Inc.*, 114 B.R. 989 (Bankr.N.D.Ill. 1990). In *McDonald* the court did not deal with whether a pre-petition retainer ought to be allowed as a term of employment. Rather, the court assumed that the retainer was a term of the approved employment and decided that under local law the retain-

er was the attorney's property. Here, in contrast, the court has addressed whether, as a term of employment, the court ought to allow the debtor's counsel to have, as their own property, a pre-petition retainer of $10,000 and a post-petition retainer of an additional $15,000. I will assume that the debtor is correct that local law does not prohibit such a retainer. But the court has the responsibility to approve the terms and conditions of employment in any case, 11 U.S.C. § 328(a), and the intervention of bankruptcy presents considerations beyond whether local law permits a retainer as in *McDonald.*

■ A retainer that becomes property of the attorney, if allowable, is allowable only "in certain rare circumstances when adequate safeguards are taken" and only after "a detailed application is filed, an opportunity for objection has been provided, and ... the retainer fee procedure ... [is], itself, noticed to creditors." *In re Knudsen Corp.,* 84 B.R. 668, 671 (9th Cir.BAP 1988). Crucial to a determination that such a retainer arrangement is appropriate is that "the funds are recoverable" such that "the court's control over the funds is undiminished." *Id.* at 672.

■ Here the application to employ counsel was not noticed to creditors (although it does appear that the debtor's secured creditor has been apprised of and approved the arrangement). This alone requires denial of the application. More importantly, the procedure sought here subjects the estate and the court to an unnecessarily complicated procedure when other alternatives exist. *See Knudsen,* 84 B.R. at 672 n. 7. According to debtor's counsel, his law firm had already furnished $10,000 of services when the case was commenced. There is thus no reason why counsel could not apply on notice to creditors for payment of that $10,000 with shortened notice time if appropriate. As to the remaining $15,000 sought, this too will be recoverable on application upon notice to creditors on an expedited basis if necessary. Such a

procedure avoids the necessity of turning every application to employ counsel into a fact-intensive inquiry to be "certain that fees paid but not allowed can, if necessary, be recovered...." *Knudsen,* 84 B.R. at 672. As the *Knudsen* court appeared to acknowledge, the bankruptcy court can require that "funds paid prior to allowance are held in a trust account until a final or interim fee allowance is made." *Id.* That is all the court is requiring here. The court abhors the thought of instead turning every application to employ counsel in every Chapter 11 case into a burdensome inquiry into the law firm's financial condition as the sole basis for establishing a certainty of recovery of fees. First, as recent law firm bankruptcies suggest, the task of ascertaining a law firm's condition may not be performed with certitude.[1] Second, the task would not be easy to perform in any event. In the circumstances of this case, the court declines to authorize a retainer on any basis that would require inquiry into the law firm's financial condition.

Moreover, in the case of a pre-petition retainer, making a retainer the law firm's property prior to the commencement of the case, strikes the court as inconsistent with 11 U.S.C. §§ 330, 503 and 541 in a manner that would frustrate the court's disgorgement powers in the case of a shortfall of estate assets to pay all administrative claims in full. When bankruptcy intervenes, counsel for the debtor is no longer operating in the pre-bankruptcy regime of inter-creditor relations where the creditor paid first prevails. Counsel for the debtor is in a superior position for ascertaining whether the debtor has the wherewithal to meet its Chapter 11 administrative expenses and to determine whether the prospects of an administrative insolvency present an unacceptable risk to administrative creditors. Treating counsel alone as not subject to those risks would possibly encourage the filing of Chapter 11 cases that ought not to have been filed in the first

---

**1.** If the retainer has ceased to be property of the debtor's estate, the estate would be a mere creditor of the law firm if the law firm filed its own bankruptcy case. It would not be able to recover the retainer as its own property.

instance. Allowing a pre-petition retainer to be treated as never constituting estate property would diminish, if not eliminate, the court's authority to order a disgorgement of earned fees in the case of such administrative insolvency. If treated as estate property, the court's disgorgement power can be brought to bear under the rationale that estate property ought to be distributed *pro rata* amongst administrative creditors.

The court finally will not approve a retainer that becomes the attorney's property immediately when this presents the risk that if the case suddenly flops the law firm will not unilaterally subject fees charged for work performed to scrutiny by the court. When fees are payable only upon approval by the court on application by counsel, there is a built-in incentive for counsel to apply for fees on a prompt basis that is lost if the court approves retainers that immediately become the attorney's property. While based on counsel's representations this case itself does not appear to present any immediate prospect of collapsing, the court wants to emphasize that if payment of fees prior to approval of the fees is ever allowed, it ought to be on a finely tuned basis that assures that counsel's incentive to apply for fees is not materially diminished. *See Knudsen*, 84 B.R. at 671 (discussion of periodic retainers).

For all of these reasons, the court will deny the motion for reconsideration and treat the retainer sums as remaining estate property deposited as security for payment of fees allowed in the case.