**In re GENLIME GROUP, L.P., Debtor.**

**Bankruptcy No. 93–33249.**

United States Bankruptcy Court,
N.D. Ohio.
Western Division.

Feb. 18, 1994.

Jeffrey Levinson, Cleveland, OH, for debtor.

Dean Harvalis, Chicago, IL, Asst. U.S. Trustee.

Derrick Rippy, Daniel McDermott, Office of the U.S. Trustee, Cleveland, OH.

## OPINION AND ORDER DENYING MOTION FOR ORDER AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM PAYMENTS TO PROFESSIONALS

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on Genlime Group, L.P.'s (the "Debtor") motion for order authorizing and establishing procedures for interim payments to professionals and the United States Trustee's ("UST") objections thereto. The Court finds that the Debtor's motion is not well taken and should be denied.

### FACTS

In its motion, the Debtor states that "due to the size and complexity of its chapter 11 case and the number of professionals retained by Debtor and the Committee, it is essential that some procedures be established for monitoring and paying, on an interim basis, the professional fees for services rendered and expenses incurred".

In support of such procedures, the Debtor argues that "[a]bsent such procedures, Debtor will accumulate significant bills for professional services on a quarterly basis which it must review all at once prior to hearings thereon". The Debtor states that without such monthly payments to professionals "Debtor will be required to pay significant professional fees all at once". The Debtor further argues that such procedures will allow the Debtor to better "monitor and manage the professional fees for services rendered and expenses incurred in Debtor's chapter 11 case".

The payment procedures advocated by the Debtor (the "Procedures") require submission of statements for professional fees and expenses (the "Fee Statements") by the professionals engaged in the Debtor's chapter 11 case (the "Professionals") to the Debtor on a monthly basis. The Procedures further require that the Debtor pay 75% of the fees listed in the Fee Statements within 25 days of receipt of the Fee Statements by the Debtor. The Procedures propose that such

payments should be made to the Professionals upon the Debtor's approval prior to notice to creditors and a hearing before the Court.

### DISCUSSION

Applicable Statute:

Section 331 provides that:

[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

In interpreting 11 U.S.C. § 331, the Court "is guided by the fundamental canon that statutory interpretation begins with the language of the statute itself". *Pennsylvania Dept. of Pub. Welfare v. Davenport*, 495 U.S. 552, 557–58, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990) (citing *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985)). The Court " 'must presume that a legislature says in a statute what it means and means in a statute what it says there' ". *Hill v. Fidelity Fin. Services (In re Hill)*, 152 B.R. 204, 205 (Bankr.S.D.Ohio 1993) (quoting *Connecticut Nat'l Bank v. Germain*, —— U.S. ——, ——, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)). A court will depart from the literal meaning of a statute only where " 'the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' ". *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (citation omitted).

■ Section 331 only allows interim disbursements to professionals "[a]fter notice and a hearing". Consequently, the Debtor's proposed payments to the Professionals on a monthly basis without prior notice to creditors and court approval are impermissible under the Bankruptcy Code.

■ The Court cannot agree with the court in *In re Knudsen Corp.* that the language of § 328, which provides for the employment of professionals "on any reasonable terms and conditions of employment", permits a court to ignore the unambiguous language of § 331 which requires "notice and a hearing" preceding disbursements to professionals. *See In re Knudsen Corp.*, 84 B.R. 668 (9th Cir. BAP 1988) (finding that § 331 must be construed in light of the language contained in § 328 which authorizes the employment of professionals "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis") (footnote omitted).

■ Moreover, even if the Court were to agree with the *Knudsen* court that the statutory language of § 328 conflicts with the statutory language of § 331, the more specific statutory language of § 331 should control. *See HCSC–Laundry v. United States*, 450 U.S. 1, 6, 101 S.Ct. 836, 838–39, 67 L.Ed.2d 1 (1981) (stating that "it is a basic principle of statutory construction that a specific statute ... controls over a general provision ... particularly when the two are interrelated and closely positioned"); *see also Bulova Watch Co. v. United States*, 365 U.S. 753, 758, 81 S.Ct. 864, 867–68, 6 L.Ed.2d 72 (1961) (noting that a "specific statute controls over a general one") (citations omitted).

Indeed, the fact that § 331 provides one method for disbursements to professionals "more often [than once every 120 days] if the court permits" compels the conclusion that Congress did not intend to allow debtors to make interim payments to professionals prior to notice and a hearing. *C.f. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (applying the principle of expressio unius est exclusio alterius in construing Fed.R.Civ.P. 9(b)).

■ The Court finds it important to note that the Procedures are not analogous to a prepetition retainer agreement. The bankruptcy court in *In re K & R Mining, Inc.* observed that a prepetition retainer generally "remains subject to the provisions of the

Bankruptcy Code and Rules and only the court has the power and authority to determine whether, and to what extent, such retainer is to be paid to counsel for the debtor". *In re K & R Mining Inc.,* 105 B.R. 394, 396–97 (Bankr.N.D.Ohio 1989) (citation omitted); *see In re Printing Dimensions, Inc.,* 153 B.R. 715 (Bankr.D.Md.1993) (debtor's attorney must obtain court approval before applying retainer); *c.f. In re Cal–Inland, Inc.,* 124 B.R. 551 (Bankr.D.Minn.1991) (disapproving debtor's request to use postpetition revenues to make postpetition retainer payments). The disbursements to the Professionals should be subject to § 331's requirements of notice and a hearing prior to such disbursement.

■ Even if the instant case is viewed under *Knudsen,* the Debtor has failed to persuade the Court that this case represents one of the "rare circumstances" where a departure from § 331 is warranted. *In re Knudsen Corp.,* 84 B.R. at 671 (departing from the provisions of § 331 in case which was "essentially a controlled liquidation" where debtor's principal secured creditor approved of such a procedure and "adequate safeguards [were] taken"); *c.f. In re ICS Cybernetics, Inc.,* 97 B.R. 736, 738 (Bankr. N.D.N.Y.1989) (*Knudsen* factors were not satisfied where "[t]here [were] no factual allegations in [the applications submitted by the professionals] address[ing] the specific criteria of *Knudsen* other than conclusory statements concerning having to wait six months to be paid and protecting the [d]ebtor from large but uncertain periodic payments of fees and disbursements"). As the cases interpreting *Knudsen* have observed, if bankruptcy courts routinely permitted debtors to make direct payments to professionals prior to notice and a hearing on the professional's fee application "the rare exception to the Code's compensation procedures, which the court articulated in *Knudsen,* clearly would swallow the general rule". *In re Shelly's, Inc.,* 91 B.R. 803 (Bankr.S.D.Ohio 1988); *see In re Dandy Lion Inns of America,* 120 B.R. 1015, 1018 (D.Neb.1990) (reversing bankruptcy court for failure to apply *Knudsen* factors and stating that "[i]f the court did not limit the authorization of the payment procedure used in this case to the certain

rare cases contemplated by the court in *Knudsen,* the notice and hearing prior to allowance and disbursement requirement, as stated in sections 330 and 331 of the Code, would be rendered virtually meaningless").

At the hearing on this matter, counsel for Debtor further argued without citation of authority that payments to the Professionals by the Debtor prior to notice and a hearing were proper irregardless of whether the Debtor complied with *Knudsen.* Here, as in *In re Cal–Inland, Inc.* where the debtor moved for authority to pay additional postpetition retainer payments to counsel, "[d]ebtor's counsel did not frame any alternative test; research has not revealed alternate lines of authority; and no other standard comes to mind, despite the Court's lengthy consideration of the issue". *In re Cal–Inland, Inc.,* 124 B.R. at 555, n. 9.

■ Lastly, the Debtor has not persuaded the Court that permitting the Professionals to submit a fee application more frequently than once every 120 days is warranted in the instant case.

In light of the foregoing, it is therefore

**ORDERED** that the Debtor's motion for order authorizing and establishing procedures for interim payments to professionals be, and it hereby is, denied.